NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>BRYANT BARNETT,<br><br>Defendant. | No. 24cv11490 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On December 30, 2024, *pro se* Defendant Bryant Barnett filed a notice of removal from a foreclosure action brought by Plaintiff Servis One, Inc. d/b/a BSI Financial Services in the Superior Court of New Jersey, Essex County. D.E. 1 ("Notice of Removal"). Defendant seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-5 ("IFP Application").

Because Defendant demonstrates financial need, the Court will **GRANT** Defendant's IFP Application and direct the Clerk of Court to file the Notice of Removal.

I.   **LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).[1]

---

[1] While individuals typically seek permission to proceed IFP in filing a complaint, as opposed to a notice of removal, Section 1915 permits the Court to "authorize the commencement, prosecution or *defense* of any suit . . . without prepayment of fees . . . by a person who submits an affidavit." § 1915(a)(1) (emphasis added); *see also Bey v. Pennsylvania*, 345 F. App'x 731, 732 (3d Cir. 2009) (affirming the district court's grant of a defendant's IFP application and dismissal of defendant's notice of removal for lack of subject matter jurisdiction).

The court also has the authority to examine subject matter jurisdiction *sua sponte*. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("[A]n objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*.").

## II.   ANALYSIS

### A.   The Court Will Grant Defendant's IFP Application

Having reviewed Defendant's IFP Application, the Court determines that Defendant "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Defendant's IFP Application.

### B.   This Court Likely Has Diversity Subject Matter Jurisdiction

Plaintiff asserts two bases for removal: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal at 2. This Court lacks federal question jurisdiction but may have diversity jurisdiction.

"The removal statute, 28 U.S.C. § 1441, generally keys removal jurisdiction to original jurisdiction. A case which originally may be brought in federal district court is generally removable upon defendant's petition." *PAAC v. Rizzo*, 502 F.2d 306, 313 (3d Cir. 1974). "It is one of the settled principles of federal jurisdiction jurisprudence that the federal question must appear on the face of the complaint, and that federal jurisdiction cannot be created by anticipating a defense based on federal law." *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1908)). "An anticipated defense of federal preemption cannot provide a basis for removal." *Id.* Here, the Court lacks federal question jurisdiction because the Complaint, D.E. 1-1 at Ex. B ("Complaint"), raises no federal questions and the only issues of federal law are based on anticipated defenses. The Complaint is

2

a standard foreclosure action brought solely under New Jersey state law. *See generally* Complaint. Defendant asserts that the case involves "violations of Defendant's constitutional rights," but any such violations would be defenses and do not appear on the face of the Complaint.

However, based on the Notice of Removal, it appears that this Court may have diversity jurisdiction. To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party ascertaining jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). "A natural person is deemed to be a citizen of the state where he [or she] is domiciled." *Id.*

Here, the amount in controversy threshold appears to be met as the loan at issue in the Complaint is $105,000. Complaint at 1. Defendant claims he is domiciled in New Jersey and Plaintiff is a corporation domiciled in Delaware. Defendant does not specify the state in which Plaintiff is incorporated or the state in which Plaintiff has its principal place of business. However, the Court notes that, in the Complaint, Plaintiff claims to have its place of business in Pennsylvania and public records indicate that Plaintiff is incorporated in Delaware. Therefore, while it appears that diversity jurisdiction is present, within 30 days, the parties will be required to file a joint diversity certification, pursuant to Fed. R. Civ. P. 7.1, available at https://www.njd.uscourts.gov/sites/njd/files/forms/DiversityJurisdictionFormFillable.pdf.

    **C.**    **The Court Lacks the Authority to Remand This Action Sua Sponte Based on 28 U.S.C. § 1441(b)(2), the "Forum Defendant Rule"**

When removal is based solely on the basis of diversity jurisdiction under Section 1332(a), the action may not be removed if any defendant is a citizen of the state in which such action is

3

brought. 28 U.S.C. § 1441(b)(2).[2] Here, Plaintiff is a citizen of New Jersey and the case was brought in New Jersey State Court. Notice of Removal at 2; Complaint. Therefore, the removal here appears to violate the Forum Defendant Rule. However, the Third Circuit has made clear that a violation of the Forum Defendant Rule is a waivable procedural defect and district courts may not remand an action *sua sponte* based on such a defect. *See In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, 451 (3d Cir. 2000). Rather, if Plaintiff wishes to remand the case, it must move to do so within 30 days of the filing of the notice of removal. *See* § 1447(c).

### III. CONCLUSION AND ORDER

For the reasons stated herein, **IT IS** on this **16th** day of **January** 2025,

**ORDERED** Defendant's IFP Application, D.E. 1-5, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to **FILE** Defendant's Notice of Removal, D.E. 1, without prepayment of the filing fee; and it is finally

**ORDERED** that, within **30 days**, the parties shall file a joint diversity certification pursuant to Fed. R. Civ. P. 7.1, available at

https://www.njd.uscourts.gov/sites/njd/files/forms/DiversityJurisdictionFormFillable.pdf.

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[2] Often referred to as the "Forum Defendant Rule."