**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES,<br><br>     Plaintiff,<br><br>     v.<br><br>BRYANT BARNETT,<br><br>     Defendant. | No. 24cv11490 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On December 30, 2024, *pro se* Defendant Bryant Barnett filed a notice of removal from a foreclosure action brought by Plaintiff Servis One, Inc. d/b/a BSI Financial Services in the Superior Court of New Jersey, Chancery Division, Essex County, and sought to proceed *in forma pauperis* ("IFP"). D.E. 1 ("Notice of Removal"); D.E. 1-1 ("Complaint"). The Court granted Defendant's IFP application on January 16, 2025. D.E. 5.

On January 17, 2025, Plaintiff filed a motion to remand. D.E. 6-2 ("Motion" or "Mot."). Defendant opposes. D.E. 11 ("Opposition" or "Opp'n"). Plaintiff does not reply. The Court has reviewed the Motion, Opposition, and all other relevant items on the docket and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court will **GRANT** the Motion and **REMAND** this case to state court.

**I.     LEGAL STANDARD**

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court." The defendant removing the case bears the burden of showing

that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *see Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). After a case has been removed, the district court may remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

## II.     ANALYSIS

### A.     Removal is Untimely

Plaintiff argues that the Court should remand this case because Defendant's removal is untimely. Mot. at 10. The Court agrees.

Section 1446(b)(1) requires that the "notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." § 1446(b)(1) (emphasis added).

The parties dispute whether Defendant was properly served in this matter. Mot. at 5; Opp'n at 3, 5-6. However, the Court need not resolve this dispute. Defendant answered the Complaint on August 9, 2024, and therefore necessarily received the Complaint before that date, either through proper service or some other means. Answer, *Servis One, Inc. d/b/a/ BSI Financial Servs. v. Barnett*, No. SWC-F-6522-24 (N.J. Super. Ct. Ch. Div. Aug 9, 2024). Even assuming Defendant received the Complaint on August 9, 2024, his deadline to remove the case to federal court would have been September 8, 2024. *See* § 1446(b)(1). Defendant removed this case on December 30, 2024, almost four months too late. Notice of Removal. Therefore, because the removal is

procedurally defective, the Court will **GRANT** Plaintiff's Motion and **REMAND** this case to state Court.[1]

### III.  CONCLUSION AND ORDER

For the reasons stated herein, **IT IS** on this **14th** day of March 2025,

**ORDERED** that Plaintiff's Motion, D.E. 6, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **REMAND** this case to the Superior Court of New Jersey, Chancery Division, Essex County.

*[signature]*
Evelyn Padin, U.S.D.J.

---

[1] Because the Court finds that the removal is untimely, it need not consider whether 28 U.S.C. § 1441(b)(2) (the "Forum Defendant Rule") was violated by Defendant's removal. However, the Court notes that, unlike the timeliness requirement in Section 1441(b)(1), the Forum Defendant Rule requires the removing defendant to be "properly joined and served" in order to apply. This requirement is interpreted literally. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 154 (3d Cir. 2018).

3